UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREVOR L. YOUNG, JR.,

        Plaintiff,

        v.                                    Case No. 25-cv-1517-bhl

JANE AND JOHN DOES,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Trevor Young, Jr., who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Young's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Young has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Young has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $21.07. Young's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:25-cv-01517-BHL   Filed 11/26/25   Page 2 of 7   Document 8

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Young, on May 29, 2025, he informed Jane Doe 1 that he was suicidal and wanted to speak with a supervisor. He states that he heard her radio for a "full set of restraints" for a "suicidal inmate." Young explains that John Doe 1 then arrived at his cell, spoke with Young, and radioed for the sergeant. Young asserts that he informed the John Doe sergeant of what was going on, told him he was suicidal, and asked to speak to a supervisor. According to Young, the Jane and John Doe officers and the John Doe sergeant all walked away from his cell. Young asserts that he then tied a sheet around his neck as tightly as he could. He states that he remembers everything going black and then waking up to officers surrounding him. He states that he had a funny taste in his mouth. He asserts that a Jane Doe nurse used Narcan, even though he was unresponsive only because the sheet was tied around his neck. Young states that the Jane Doe nurse drew some blood and then sent him to the hospital. After he returned to the prison, he was placed on observation status.

## THE COURT'S ANALYSIS

Prison officials can be held liable if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Their duty extends to protecting inmates from imminent threats of serious self-harm, and the "obligation to intervene covers self-destructive behaviors up to and including suicide." *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). Based on this standard, the Court will allow Young to proceed with an Eighth Amendment claim against the Jane and John Doe officers

3

and the John Doe sergeant based on allegations that, despite him informing them that he was suicidal, they walked away from his cell, after which Young seriously injured himself.

Young does not, however, state a claim against the Jane Doe Nurse who allegedly administered Narcan in an effort to revive Young. Her efforts, although apparently unnecessary, do not reasonably suggest that she was deliberately indifferent to Young's condition. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) (holding that a mistaken belief in regards to medical treatment does not equate to deliberate indifference).

Because Young does not know the name of the Doe Defendants, the Court will name Warden Kenya Mason as a defendant for the limited purpose of helping Young identify the names of the Defendants. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Warden Mason does not have to respond to the complaint. After Warden Mason's attorney files an appearance in this case, Young may serve discovery requests upon Warden Mason (by mailing it to the attorney at the address in the notice of appearance) to get information that will help him identify the names of the Defendants.

For example, Young may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Young does not state a claim against Warden Mason, his discovery requests must be limited to information or documents that will help him learn the names of the Defendants. Young may not ask Warden Mason about any other topic, and Warden Mason is under no obligation to respond to requests about any other topic.

After Young learns the Doe Defendants' names, he must file a notice informing the Court of their names. The Court will dismiss Warden Mason as a Defendant once Young identifies the Doe Defendants. After the Defendants have an opportunity to respond to Young's complaint, the Court will enter a scheduling order that sets deadlines for discovery and the filing of dispositive

4

motions. At that point, Young may use discovery to get the information he believes he needs to prove his claims.

Young must identify the Doe Defendant's names within sixty days of Warden Mason's attorney filing a notice of appearance. If he does not or does not explain to the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Young's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and his second motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Warden Kenya Mason shall be named as a Defendant for the limited purpose of helping Young identify the Doe Defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Warden Mason.

**IT IS FURTHER ORDERED** that Warden Mason does not have to respond to the complaint; however, Warden Mason shall respond to discovery requests that the plaintiff serves in an effort to identify the Defendants' names. Warden Mason does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Young must inform the Court of the Doe Defendants' names within 60 days of Warden Mason's attorney filing an appearance in this case. If Young does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Young is located.

**IT IS FURTHER ORDERED** that the agency having custody of Young shall collect from his institution trust account the $328.93 balance of the filing fee by collecting monthly payments from Young's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Young is transferred to another institution, the transferring institution shall forward a copy of this Order along with Young's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Young is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 26, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge